**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

KELVIN JACKSON, JR.,                )
                                    )
           Petitioner,              )
                                    )
     v.                             )          No. 4:26-cv-00161-AGF
                                    )
UNITED STATES OF AMERICA,           )
                                    )
           Respondent.              )

**MEMORANDUM AND ORDER**

This matter is before the Court upon its own motion.   On February 11, 2026, the Court ordered Petitioner to file an amended § 2255 motion on a Court-provided form, within thirty (30) days.   ECF No. 2.   A copy of the Order was mailed to Petitioner at the address he provided to the Court.   However, on March 4, 2026, the Order was returned as undeliverable without a forwarding address.   ECF No. 3.   Nevertheless, the Clerk was able to locate a new address for Petitioner, and the Order was resent the same day (March 4, 2026).   To date, nothing has been filed by Petitioner in response to the Court's Order.   The Court cautioned Petitioner that his failure to timely comply would result in the dismissal of this case without further notice.   *See* ECF No. 2 at 1.   As such, for the reasons discussed below, this case will be dismissed.

To the extent Petitioner has failed to respond because he never received the Court's February 11, 2026 Order, this case is subject to dismissal for Petitioner's failure to follow the Local Rules.   Local Rule 2.06(B) requires every self-represented party to promptly notify the Clerk (and all other parties) of any change in address.   Local Rule 2.06(B) further provides that "[i]f any mail to a self-represented plaintiff or petitioner is returned to the Court without a forwarding address and the self-represented plaintiff or petitioner does not notify the Court of the

change of address within thirty (30) days, the Court may, without further notice, dismiss the action without prejudice."   The Court's Order was returned as undeliverable on March 4, 2026.   More than thirty (30) days have passed since the mail from the Clerk was returned, and Petitioner has not informed the Court of a new address.

To the extent Petitioner received the Court's re-sent Order but he has neither responded nor sought additional time to do so, this case is dismissed for Petitioner's failure to comply with a Court Order.   The Court's Order was re-sent to Petitioner on March 4, 2026.   The Order required a response within thirty (30) days.   The time for responding has passed and nothing has been received by the Court.   Petitioner was given meaningful notice of what was expected, he was cautioned that his case would be dismissed if he failed to timely comply, and he was given ample time to comply.   The Court will therefore dismiss this action, without prejudice, due to Petitioner's failure to comply with the Court's February 11, 2026 Order and his failure to prosecute his case.   *See* Fed. R. Civ. P. 41(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (the authority of a court to dismiss *sua sponte* for lack of prosecution is inherent power governed "by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases"); *Brown v. Frey*, 806 F.2d 801, 803 (8th Cir. 1986) (a district court has the power to dismiss an action for the plaintiff's failure to comply with any court order).

Accordingly,

**IT IS HEREBY ORDERED** that this case is **DISMISSED** without prejudice.   A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 24th day of April, 2026.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE